600 P.2d 1120

**Rose V. McKINNEY, Plaintiff/Appellee,**

**v.**

**Stanley George ALDRICH and Jane Doe Aldrich, husband and wife, and Holmes Tuttle Broadway Ford, Inc., an Arizona Corporation, Defendants/Appellants.**

**No. 2 CA–CIV 3207.**

Court of Appeals of Arizona,
Division 2.

July 18, 1979.

Rehearing Denied Sept. 5, 1979.

Review Denied Oct. 2, 1979.

Ettinger & Deckter, P. C. by Nathan A. Parkey and Jack A. Ettinger, Tucson, for plaintiff/appellee.

Lesher, Kimble & Rucker, P. C. by Monte C. Clausen, Tucson, for defendants/appellants.

## OPINION

RICHMOND, Chief Judge.

This is an appeal from the trial court's order denying appellants' motion to quash a writ of execution. The motion was based on appellee's failure to exhaust her uninsured motorist coverage as a prerequisite under A.R.S. § 20–673(D) to asserting a claim against the insured of an insolvent insurer. Because we find the statute repugnant to Article 18, Section 6 of the Constitution of Arizona, we affirm the order of denial.

During the pendency of appellee's action for personal injuries, Imperial Insurance Company, the insurance carrier providing primary liability coverage for appellants, became insolvent. Appellee's lawyer was notified of the insolvency by letter, which suggested that his client seek to recover her damages under the uninsured motorist coverage of her policy with Allstate Insurance Company. Thereafter defense of the action was assumed by the insurance guaranty

fund established by A.R.S. § 20–661, *et seq.* The attorney previously employed by Imperial was retained by the fund to continue representing appellants and proceedings were stayed for approximately two months on his motion supported by affidavit that additional time was needed for the fund "to properly evaluate the case and prepare for trial."

The trial was scheduled to begin on the afternoon of April 20, 1978. Appellants then filed a second motion for a stay of proceedings on the ground that appellee had failed to seek recovery under the uninsured motorist coverage of her own automobile policy, as required by A.R.S. § 20–673. The statute provides in part:

§ 20–673. *Nonduplication of recovery; exhausting all other applicable coverages; rights of fund and member insurer*

A. Any person having a claim against an insurer under any provision in an insurance policy which is also a covered claim[1] shall be required to exhaust first all rights under such policy. Any amount payable on a covered claim pursuant to this article shall be reduced by the amount of such recovery under the claimant's insurance policy. . . .

\* \* \* \* \* \*

D. If damages against uninsured motorists are recoverable by the claimant from such claimant's own insurer, such recoverable damages shall be a credit against a covered claim payable pursuant to this article if the full amount of such uninsured motorist coverage has been exhausted. *Such claimant shall have no claim against the insured of the insolvent carrier or the fund if the full amount of uninsured motorist coverage was not recovered by such claimant.* . . .

(Emphasis added.)

The motion for an additional stay of proceedings was denied on the morning of trial and the case proceeded as scheduled before the court sitting without a jury. Liability

---

1. "Covered claim" includes "an unpaid claim . . . within the coverage of an insurance policy . . . issued by an insurer, if such insurer becomes an insolvent insurer . . ." A.R.S. § 20–661.

was admitted and appellee was awarded damages of $13,100 by judgment entered May 31, 1978. Appellants thereafter filed a motion for a stay of execution, seeking to invoke § 20–673(D). The motion was denied and on October 20 appellant Holmes Tuttle Broadway Ford attacked the ruling in a petition for special action filed in this court. We declined to accept jurisdiction inasmuch as no writ of execution had issued and Holmes Tuttle would have a remedy by appeal if the writ issued and a motion to quash was denied. A.R.S. § 12–2101(C). The motion to quash, its denial, and this appeal followed.

■ At the outset, appellee argues that the issues are *res judicata,* having been resolved by denial of the motion to stay proceedings and subsequent final judgment from which no appeal was taken. The argument assumes that the second sentence of § 20–673(D) affords to the insured of an insolvent carrier a defense to the claim for damages rather than to a claim based on a judgment for damages. A reading of the statute compels a contrary conclusion. The section is designed to preclude duplication of recovery and to require exhaustion of other applicable coverage. It deals primarily with claims against the insurance guaranty fund, speaks also of claims against other insurers, and attempts to afford protection to an insured who without fault has lost the benefit of liability coverage through the insolvency of his carrier. The word "claim" in the sentence in question refers alternatively to a claim against "the insured of the insolvent carrier or the fund." Under the circumstances governed by subsection D, the fund stands in the position of a liability insurer. Thus there is no direct claim against the fund for damages by reason of the acts or omissions of the insured of the insolvent carrier. It follows that the "claim" against either to which the subsection refers includes a post-judgment claim arising out of the award of damages and is not limited to a claim on the underlying tort.

■ We are unable to reconcile either interpretation, however, with Article 18,

Section 6 of the state constitution, which provides:

The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation.

Under appellee's interpretation, had appellants at the trial on the merits introduced evidence of the insolvency of their insurance carrier and appellee's failure to recover the full amount of uninsured motorist coverage from her own insurer, the statute would have entitled them to dismissal for failure to state a claim upon which relief can be granted. *See* 16 A.R.S. Rules of Civil Procedure, rule 12(i)(2). It would thereby abrogate appellee's right to recover damages by affording a defense that is unavailable to a party who is either uninsured, self insured, or insured by a solvent carrier.

Our interpretation produces the same result. Though not before us, the Allstate policy affording uninsured motorist coverage to appellee is required by statute to provide coverage applicable to a motor vehicle insured by an insolvent insurer for bodily injury with a limit of not less than $15,-000. A.R.S. §§ 20–259.01, 28–1142. Thus there is uninsured motorist coverage available to appellee in an amount that would be sufficient to satisfy the judgment. There is no evidence, however, that the Allstate policy binds the carrier to pay that amount and appellants' counsel conceded at oral argument that it does not. Under various policies damages against uninsured motorists are determined by arbitration rather than litigation as an alternative to settlement. It follows that a statute extinguishing a claim against the insured of an insolvent insurer unless the injured claimant has first recovered the full amount of uninsured motorist coverage may effectively bar the courthouse door. In appellee's case, since her policy with Allstate requires a redetermination of her damages, the statute clearly would operate to abrogate her constitutional right of action for her injuries by extinguishing her right to the difference between $13,100 and any lesser amount re-

coverable under the terms of her uninsured motorist coverage.

One further question is whether the constitutionality of the statute is subject to attack before appellee's right to recover has been abrogated by actual determination that damages recoverable from her insurer are less than the amount of the judgment. We think it is. Constitutionality must be determined by what can be done under the statute rather than what might or might not be done. *Hernandez v. Frohmiller,* 68 Ariz. 242, 204 P.2d 854 (1949).

Were appellee looking to the insurance guaranty fund as her best hope of collecting damages for her injuries, she could be required to comply with the conditions imposed by a special statutory means of enforcing her right of recovery. In attempting to satisfy her judgment without recourse to the guaranty fund, however, she is protected by the constitution from annulment by legislative act of her right to recover whatever a court or jury may deem fair and just. If the legislature is to afford protection to an insured who without fault is denied liability coverage by the insolvency of an insurer, it must do so in some manner that does not violate the constitutional prohibition.

The order denying appellants' motion to quash the writ of execution is affirmed.

HOWARD, J., concurs.

HATHAWAY, Judge, dissenting.

When possible, the court should sensibly construe statutes to accomplish the legislative intent and to avoid invalidation. *Mendelsohn v. Superior Court in and for Maricopa County,* 76 Ariz. 163, 261 P.2d 983 (1953). In the case before us, the difficulty arises in the construction of the language in A.R.S. § 20–673(D), and in particular, the word "coverage" as synonymous with policy limits. The statute would be consistent with Art. 18, § 6 of the state constitution if the term "coverage" were interpreted to mean the actual amount the claimant is entitled to recover under the uninsured motorist policy. Cf., *State Farm Mutual Automobile*

*Insurance Co. v. Brower,* 204 Va. 887, 134 S.E.2d 277 (1964) ("coverage" means "the protection . . . [the insurer] contracted to give"). Thus, the salutary legislative scheme to afford maximum insurance protection could be carried into effect. On this basis, I would reverse and remand for proceedings to satisfy the judgment against the uninsured motorist carrier.